———o———

No. 3239.

(Court of Appeal, Parish of Orleans.)

BLANCHE D. LEATHERS vs EDWIN B. KIRWIN,

On Rehearing.

1. The right of passage through an alleyway granted for the common benefit of abutting lots is prescribed by non-user during ten years.
2. The defendant's right of use appears from the plaintiff's chain of title and from the latter's judicial admissions.

3.   Hence, the defendant is not a trespasser but a party in interest who may properly plead the prescription of non-user for ten years in accordance with the doctrine in Thompson vs Meyers, 34 An. 616.

Appeal from Civil District Court, Division D.

Geo. W. Flynn and Thos. D. Flynn, plaintiff and appellant.

T. B. Walker defendant and appellee.

DUFOUR, J.   On the original hearing it was argued by plaintiff that the defendant not being the owner of the soil of the common alley, could not set up the plea of prescription against a claimant who could show a title translative of property in such servitude.

This was answered in our original opinion by reference to the case of Thompson vs Meyers, 34, An. 616, holding contrary doctrine.

At the rehearing, it was for the first time, urged, as a question of law, "that a party having no interest in the land over which a servitude runs cannot set up a plea of prescription against a claimant who can show a title translative of property in such servitude," and it was also urged, as a question of fact that the defendant did not, equally with the plaintiff, have the use of the alley, but was a "mere naked possessor and trespasser."

Conceding the correctness of the proposition of law, the proposition of fact is erroneous.

Although Kirwin's title does not specifically grant the use of the alley and merely transfers generally "the rights, ways, thereto belonging" his right of use appears from plaintiff's chain of title in the record and is conceded by the latter's judicial admissions. Thus, the acts of sale of the Mutual Loan Association, to Hackney, of Hackney to the Union Homestead Association and of the latter to the plaintiff, all describe the alley as common to said lots and others."

The petition herein repeats this recital and adds:

"Your petitioner represents that, notwithstanding said ten feet are set apart as a common alley for the use and convenience of the property owners adjacent thereto, Edwin B. Kerwin who is the owner of the two lots fronting on Canal street running back to the line of said alley is now engaged in building on said lots, and as a matter of fact has built a slate roofed shed on said ten feet adjoining the rear of his property, and that his said action completely obstructs the said piece of ground and destroys the purposes for which it was designated and set apart by the property owners owning property adjoining thereto."

We cannot conceive of a more explicit recognition of defendant's right of use, or interest in the alley, than the one logically and imperatively deducible from the foregoing allegations.

Hence he is not a trespasser, but a party in interest who may

properly plead the prescription of non-user in accordance with the decision in Thompson vs Meyers, supra.

The non-user for more than ten years is conclusively shown, and we must adhere to our original view that the plea of prescription of ten years must prevail.

Our original decree remains undisturbed.

Filed December 7th, 1903.